

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**

**JUDGE**

# LETTER OPINION

May 22, 2008

Victoria Britton
DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer, P.C.
15 Mountain Boulevard
Warren, New Jersey 07059
*Attorney for Plaintiff*

Alex Kriegsman
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Defendants United States & United States Postal Service*

John McDermott, Jr.
McDermott & McGee
75 Main Street
P.O. Box 192
Millburn, NJ 07041
*Attorney for Defendants Carmen Grieco & Marc Grieco*

      Re:    *New Jersey Manufacturers Ins. Co. v. United States, et al.*
              Civil Action No. 07-cv-2653 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendant United States' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's motion is **DENIED**.

## BACKGROUND

This action arises from a minor automobile accident involving a United States Post Office ("USPS") vehicle.  As it implicates the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA"), this action is now pending in federal court.  On February 8, 2006, a USPS truck driven by a USPS employee, Jose Nunez, was involved in a collision with a car driven by Defendant Mark Grieco ("Vehicle A").  The collision resulted in damage to a parked car insured by Plaintiff New Jersey Manufacturers Insurance Co. ("Vehicle B").[1]

Plaintiff filed an administrative claim with the USPS on April 10, 2006 arguing that Mr. Nunez and Mr. Grieco negligently operated their vehicles and damaged Vehicle B.  The USPS denied Plaintiff's administrative claim on June 6, 2006.  The denial letter explained that if Plaintiff wanted to challenge the denial, he may "file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action . . . [and] the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court."  (Kriegsman Certification Ex. B.)

On October 10, 2006, Plaintiff filed a negligence suit in New Jersey state court against the USPS, Mr. Nunez, Mr. Greico, and the owner of Vehicle A, Carmen Grieco.  Defendants Nunez and the USPS appeared on the original trial date, February 8, 2007.  The United States Attorney's office then preceded to request trial adjournments.  On April 23, 2007, Mr. Nunez and the USPS, represented by the United States Attorney's office, made a motion to dismiss on lack of jurisdiction grounds.  Judge Eugene Codey of the Superior Court of New Jersey denied the motion and ordered the case removed to federal district court on May 11, 2007.

On June 6, 2007, the United States Attorney's office submitted a certification stating that Mr. Nunez was acting within the scope of his employment, and thus, pursuant to 28 U.S.C. § 2679(d) substituted Defendant United States of America for state court defendant Nunez.  Simultaneously, the United States Attorney's office removed the action to this Court on behalf of Defendant United States of America pursuant to 28 U.S.C. § 2679(d) and 28 U.S.C. § 1441.

Defendant's motion to dismiss for lack of subject matter jurisdiction was filed on June 28, 2007 and is now before the Court.

---

[1] Clifford Shockley owned Vehicle B and has subrogated his claim to Plaintiff.

2

## ANALYSIS

### A.    Standard of Review

A motion to dismiss for lack of subject matter jurisdiction may be made under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  The standard of review on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction varies depending on whether the defendant makes a facial or factual challenge.  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  The standard for reviewing a facial attack is similar to the standard governing a Rule 12(b)(6) motion.  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id.* at 176.  In contrast, in reviewing a factual challenge, the allegations of the complaint are not accepted as true, and "the court may consider evidence outside the pleadings."  *Id.*  This case concerns a facial challenge.

In a 12(b)(6) motion, a statute of limitations defense may be raised as an affirmative defense if the basis for establishing the defense is apparent from the face of the complaint.  *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In evaluating motions to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Furthermore, "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotations omitted).

### B.    Subject Matter Jurisdiction

The FTCA is an express, but limited, waiver of the sovereign immunity of the United States.  *See Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006).  The FTCA provides claimants with a right to recover money damages due to the tortious acts of a government employee.  This remedy is "exclusive of any other civil action or proceeding for money damages" or for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee

of the [federal] Government while acting within the scope of his office or employment."
28 U.S.C. § 2679(b)(1).

The FTCA requires a claimant, in any action against the United States for money
damages due to the negligence or wrongful act of a government employee, to file a claim
with the agency allegedly responsible for his injuries. *See* 28 U.S.C. § 2675(a). The
agency may then choose to pay the claim in full, to offer to settle the claim, or to deny the
claim within six months. *Id*.; 28 U.S.C. § 2672. If the agency denies the claim or does
not make a final disposition within six months, the claimant may then file suit in federal
court. 28 U.S.C. § 2675(a). A tort claim against the United States, however, "shall be
forever barred unless it is presented in writing to the appropriate Federal agency within
two years after such claim accrues or unless action is begun within six months after the
date of mailing, by certified or registered mail, of notice of final denial of the claim by the
agency to which it was presented."[2] 28 U.S.C. § 2401(b). Compliance with the statute of
limitations is a jurisdictional requirement. *See Roma v. United States*, 344 F.3d 352, 362
(3d Cir. 2003); *Pascale v. United States*, 998 F.2d 186 (3d Cir. 1993). Additionally, the
statute of limitations is strictly construed. *See Barren v. United States*, 839 F.2d 987, 992
(3d Cir. 1988).

In this case, Plaintiff filed an appropriate administrative claim within two years of
the date of accrual. Therefore, the narrow issue before this Court is whether the FTCA's
provision 28 U.S.C. § 2401(b), that a claimant must file a complaint in the District Court
within six months after an agency's denial, bars Plaintiff's Complaint.[3] Although
Plaintiff filed the Complaint in state court within the statute of limitations, Plaintiff's
complaint was removed to federal court after the expiration of the six-month statute of
limitations contained in 28 U.S.C. §2401(b). Thus, the Court must determine whether "an
action" began in this case under the statute by the filing of the Plaintiff's Complaint in
state court (within the statute of limitations), or by the Defendant's removal to federal
court (barred by the statute of limitations).

Courts have come to divergent conclusions on this issue. A number of courts have
held that the relevant date for purposes of complying with the six-month statute of
limitations is the date of the action's commencement in state court, rather than the date of

---

[2] The "or" in this section is read in the conjunctive. A plaintiff must meet both requirements: (1)
filing an administrative claim within two years of the claim's accrual, and (2) beginning an action within
six months of the agency's denial of the claim. *See Willis v. United States*, 719 F.2d 608, 612 (2d Cir.
1983).

[3] Although Plaintiff raises only an argument of collateral estoppel, the Court is compelled to
substantively review Defendant's motion to dismiss.

4

removal to federal court.  *See, e.g.*, *Staple v. United States*, 740 F.2d 766, 769 (9th Cir. 1984)(date of state court filing should be the effective date for purposes of 28 U.S.C. § 2401(b)); *McGowan v. Williams*, 623 F.2d 1239, 1244 (7th Cir. 1980)("an action brought against a federal driver in state court within the time limitations of 28 U.S.C. § 2401(b) is timely for the purposes of the Federal Tort Claims Act when the action is removed to federal court pursuant to Section 2679"); *Robinson v. United States*, No. 92-4869, 1993 U.S. Dist. LEXIS 3161, *20 (E.D. Pa. March 16, 1993)(denying a defendant's motion to dismiss on statute of limitations grounds, where the plaintiff filed a timely state court action but was removed after the six-month statute of limitations).  Other courts have held that the relevant date for compliance with the six-month statute of limitations is the date of removal.  *See, e.g.*, *Houston v. United States Postal Service*, 823 F.2d 896, 903-904 (5th Cir. 1987)(finding that a district court lacked jurisdiction when a state court complaint was filed, but not served, within the six-month limitations period and action was removed after the limitations period); *Saggese v. Gonnelli*, 563 F. Supp. 102, 106 (D.N.J. 1983)(dismissing case for lack of jurisdiction when a plaintiff failed to file a complaint in district court within six months, the court dismissed the complaint even though it had been timely filed in state court prior to removal).

   This Court is persuaded by the opinions of those cases that have held that the relevant date for calculating the statute of limitations is the date of filing in state court prior to a defendant's removal.  First, the plain language of the statute supports this reading.  Section 2401(b) merely requires that "an action is begun," not that an action must be begun in federal court.  *See Robinson*, 1993 U.S. Dist. LEXIS 3161 at *14. Clearly, if the legislature had intended to require a plaintiff to file suit in federal court within six months of an agency's denial, it could have drafted the statute with the requisite specificity as it did when it required a tort claim to be "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).

   Second, the FTCA anticipates an action being commenced in state court.  *See Robinson*, 1993 U.S. Dist. LEXIS 3161 at *14.  Section 2679(c) requires that the Attorney General defend "any civil action" in "any court" against a federal employee for tort claims arising from his actions within the scope of his employment.  Additionally, Section 2679(d), provides that upon certification by the Attorney General that the federal employee was acting within the scope of his employment: (1) an action "commenced" in state court must be deemed as an action against the United States; (2) the United States must be substituted as the party defendant; and (3) the action must be removed to a federal court.  In addressing a scenario where a federal court must dismiss a removed action for failure to present his administrative claim as required under 28 U.S.C. § 2675(a), the FTCA mandates that a plaintiff's claim "be deemed to be timely presented

under section 2401(b) . . . if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action."  28 U.S.C. § 2679(d)(5).

These provisions of the FTCA expressly acknowledge that civil actions will be commenced in state courts, and it provides a mandatory mechanism for addressing these state court actions while preserving the claims of a plaintiff.  Therefore, an interpretation of the phrase "an action is begun," for the purposes of determining whether a plaintiff meets the statute of limitations, as an action commenced in state court would be consistent with other provisions of the FTCA.

Finally, the Court's interpretation of when "an action is begun" is consistent with the legislative history of the statute.  Section 2679 was substantially amended in 1988 to ensure the exclusiveness of the FTCA as a remedy against the United States for all of the tortious acts of its employees acting within the scope of their employment.  *See Aliota v. Graham*, 984 F.2d 1350 , 1356-57 (3d Cir. 1993)(citations omitted).  The amendment also established a procedure for the automatic substitution of the United States as the only defendant upon certification of the Attorney General that the employee was acting within the scope of his or her employment, and removes from the district courts the authority to conclude whether the employee was acting within the scope of employment for purposes of removal upon that certification.  *Id.*  Thus, 28 U.S.C. § 2679(d)(2) "expresses Congress's intent that subject matter jurisdiction is conclusively established upon the Attorney General's certification." *Id.* at 1357.   Furthermore, the amendment added a mechanism for protecting a plaintiff from a statute of limitations defense when a state action was removed based upon the Attorney General's certification and then dismissed by the district court for failure to abide by the administrative exhaustion requirement in Section 2675.  28 U.S.C. § 2679(d)(5).  The amendments serve to balance the FTCA's dual purpose of providing a remedy for aggrieved plaintiffs and limiting its waiver of immunity.[4]  Therefore, the Court's finding that Plaintiff's state court filing was sufficient to meet the six-month statute of limitations is consistent with the statute's legislative history.  *See generally Robinson*, 1993 U.S. Dist. LEXIS 3161 at *20 (finding that the 1988 amendments did not preclude the court's conclusion that a state court filing tolled the statute of limitations under Section 2401(b)).

---

[4] District courts must be cautious not to extend the waiver of sovereign immunity beyond that intended by Congress and also must not unduly narrow the express waiver.  *See United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990); *United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979).

A contrary interpretation would result in allowing the government to "sandbag" an injured claimant.[5]  Under the statute, the government is in the best position to determine whether the employee was acting within his or her employment, and, indeed, it possesses the sole authority to remove the complaint upon its certification.  28 U.S.C. § 2679(d).  Thus, the government may unilaterally determine through its power to remove the case whether a claimant is within the bounds of the six-month statute of limitations.  *See McGowan*, 623 F.2d at 1243 ("[A] plaintiff who first initiates suit in state court is without any remedy at all if removal is not effected until after the federal statute of limitations has run.  To avoid such an inequitable result, all the courts which have considered the issue have held that the original date of filing is effective for the purposes of . . . 2401(b)."); *Robinson*, 1993 U.S. Dist. LEXIS 3161 at *15 ("[t]o rest the tolling of the statute of limitations . . . on the date of removal would be patently inequitable: the government . . . controls when the case is removed"); *Jackson v. United States*, 789 F. Supp. 1109, 1111 (D. Colo. 1992)  (recognizing the "great potential for sandbagging when the government exercises its unilateral and conclusive power to issue a scope of employment certificate").

Admittedly, the case at hand is a poor illustration of the inequities that might result from a contrary interpretation.  Plaintiff knew by the USPS denial letter that the proper party to serve was the United States and that the proper court was the federal district court.  On the other hand, Defendant had sufficient time to certify that the USPS driver was acting within his duties and could have promptly removed this matter within the six-month period.  Instead, Defendant engaged in a motion to dismiss in state court and waited for the statute of limitations to run on Plaintiff's claim.  Putting aside the relative fault of the parties, the Court, nevertheless, must conclude that as a statement of law, the better course is to consider that an action is begun for the purposes of 28 U.S.C. § 2401(b) when an action is filed in court–whether that forum is state or federal.

Even those cases finding that the date of removal is the relevant date for purposes of calculating the six-month statute of limitations are distinguishable from the case at hand.  In *Saggese v. Gonnelli*, the plaintiff was struck and injured by a postal truck.  563 F. Supp. at 103.  After filing an administrative claim and receiving a written denial of the claim on July 20, 1982, the plaintiff filed a tort claim in New Jersey state court before January 20, 1983.  *Id*. at 104.  On February 18, 1983, the defendants removed the case to federal court and moved to dismiss it for lack of subject matter jurisdiction.  *Id*.  The

---

[5] Although equitable tolling arguments are more limited in applying the provisions of the  FTCA, courts have carved out narrow equitable exceptions.  *See, e.g.*, *Miller,* 463 F.3d at 275 (carving out a narrow equitable exception for "mentally incapacitated persons who, for whatever reason, do not have a legally appointed guardian to act in their stead").

federal court, in dismissing, based its analysis upon the doctrine of derivative jurisdiction. *Id*. at 104-105.

Based upon a subsequent change in the doctrine of derivative jurisdiction, the continuing validity of the *Saggese* court's holding is questionable.  Federal derivative jurisdiction applies in matters of exclusive federal jurisdiction.  *See id*.  It holds that if the state court lacked subject matter jurisdiction, the federal court could not acquire jurisdiction by removal even though it might have had jurisdiction had the action been commenced there originally.  *See id*.  Since *Saggese*, the 1986 and 2002 amendments to 28 U.S.C. § 1441(f) eliminated the derivative nature of removal jurisdiction under Section 1441.  And, 28 U.S.C. § 2679(d) establishes that a federal district court may retain jurisdiction over a removed state action, even though that action originated in state court. *See Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990)(indicating in dicta that the "possibility that such certification [by the Attorney General] might issue does not automatically divest a state court of subject matter jurisdiction.  To the contrary, in enacting section 2679, Congress anticipated that suits initially would be brought in state court.").  As this case was removed subject to 28 U.S.C. § 1441 and 28 U.S.C. 2679(d)(2), this Court finds that the doctrine of derivative jurisdiction is inapplicable in this case and would not mandate a dismissal of Plaintiff's claim.

In *Houston v. United States Postal Service*, the Court of Appeals for the Fifth Circuit dismissed a claim for failure to abide by the six-month statute of limitations in Section 2401(b).  823 F.2d at 903-904.  After an accident involving a postal truck, the plaintiff in *Houston* sued the defendants in state court on January 27, 1977, but did not serve defendants with the action.  *Id*. at 897.  Then, Plaintiff filed an administrative claim with the USPS on January 17, 1978, which was denied on April 26, 1978.  *Id*.  Due to his attorney's oversight, the plaintiff did not serve process on the defendants in the state court action until almost two years after the administrative denial.  *Id*. at 898.  After being served, the United States removed the case to federal court and moved to dismiss the case for failure to file within the six-month statute of limitations.  *Id*.

In rendering its decision, the Fifth Circuit found that the "mere pendency of [a suit that had not exhausted administrative remedies] during the six-month limitations period, a suit the United States was not formally notified of until much later, did not begin an action under section 2401(b)."  *Id*. at 904.  The *Houston* court expressly left open the possibility that an action might be considered timely commenced under Section 2401(b) "if the United States, serviced in the six months after administrative denial, deliberately 'sandbagged' plaintiff by waiting until the limitations period expired before removing the case."  *Id*. at n.5.

8

In this case, after exhausting administrative remedies, it appears that a state court action was timely served and commenced against the USPS and Jose Nunez. The United States was on notice regarding the case. *See* 28 U.S.C. § 2679(c). The United States Attorney's office sought several trial adjournments and allowed the statute of limitations to run before removing this action to federal court. If the Court interpreted the statute as urged by Defendant, this action would have been timely filed under Section 2401(b) if the Attorney General had certified regarding Mr. Nunez's scope of employment within two months of filing the Complaint in state court. Dismissal of this action for lack of subject matter jurisdiction because of the timing of certifications within the control of Defendant, not Plaintiff, would contravene the language and intent of the statute.

**C.      Collateral Estoppel**

Plaintiff argues that Defendant should be precluded from asserting a lack of subject matter jurisdiction defense due to the doctrine of collateral estoppel. Plaintiff claims that an identical issue was presented to and decided by Judge Codey. The Court finds that Plaintiff's argument is unavailing.

Although Judge Codey denied state court defendants Mr. Nunez and the USPS's motion to dismiss the Complaint, the issue before this Court is not identical to the issue that was before Judge Codey. *See Temple Univ. v. White*, 941 F.2d 201, 212 (3d Cir. 1991)(one factor to consider in collateral estoppel is whether the issue presented was identical to the prior issue decided on the merits). In this case, the Court must decide whether it, as a federal district court, has subject matter jurisdiction over the case. Judge Codey neither addressed this issue, nor would a state court have competent jurisdiction to decide a federal court's jurisdiction. Rather, Judge Codey addressed the issue of whether the state court lacked jurisdiction over this case. Therefore, Plaintiff may not assert collateral estoppel over Defendant's motion.

## CONCLUSION

For the reasons stated above, Defendant's motion is denied. An appropriate order follows.

s/William J. Martini

**William J. Martini, U.S.D.J.**

9